The opinion of the court was delivered by
DeBlanc, J.
Relying on the 14th amendment to the constitution of the United States, which provides that “no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of said United States,” and on articles 135 and 136 of the Constitution of Louisiana, which declare — in substance — that there shall be no separate schools or institutions of learning established by the State or any municipal corporation for exclusively the children of any race, Paul Trevigne, a resident of this city and a citizen of the United States and of this State, seeks to enjoin the Board of School Directors of the parish of Orleans, and William O. Rogers, Superintendent of the public schools, of this city, from dividing said schools into schools for exclusively the .white children and schools for exclusively the colored children.
In his application, plaintiff expressly acknowledges that the division, which he denounces as thrice unconstitutional, was — at and before the date of his application — an accomplished fact, and nevertheless — he merely asks that the Board and the Superintendent he restrained from doing what he knew that they had then already done, and does not ask *106 ■that they be compelled to conform to what he conceives to be the requirements of the Constitution of the Republic and of our State.
The averments of plaintiff’s petition do not justify — they contradict, xepel and negative its conclusion ; this is manifest. Whatever may be Ttis pretension or his right, no court can justly allow that which is not .¡asked, an enforcing order in lieu of a restraining one. It would be as wain as unreasonable to attempt to restrain the execution of an act which — it is judicially admitted — has already been executed : it would Tie an unprecedented irregularity to issue on these inconsistent pleadings — an enforcing mandate, which is not applied for.
By the limited and qualified prayer of his broad petition, plaintiff lias put it out of our power to discuss and determine the important •question raised by him. The perpetuation of his injunction — this cannot be fairly or successfully disputed — neither would nor could, under 'the circumstances recited by him, secure and protect the exercise of the •privilege which he considers that he is entitled to ; and, as held by this ■¡Court — in regard to as tardy an injunction.as that of plaintiff, one obtained and issued after a seizure had actually been made, and in which ■the claimant had failed to pray that the sheriff be ordered to return the property he had seized, “ such an injunction was, — and, here, would ihave been in truth a nullity in itself and was properly dissolved on motion.” 4 L. R. 332 — 18 A. 242 — 7 R. 442 — 2 R. 342 — 9 M. 519 — 1 Woods, 124 — 18 N. Y. 155 — 23d N. Y. 318 — 6 Metcalf, 425.
There is no error in the judgment appealed from, and that judgment is affirmed with costs.